Seney, J.
The petition of Elizabeth Williamson, plaintiff below, •alleges that the defendant, the Logan National Bank, is a corporation incorporated and organized under the laws of the United States, and that on or about the 5th day of April, 1884, the said defendant, in consideration of a deposit of money, then made by the plaintiff, Elizabeth Williamson, with the said Bank, made and delivered to the plaintiff its certificate of deposit, a copy of which is attached to the petition as follows:
“§1,900.00. Logan. National Bank, West Liberty, 0.,
April 4i/t, 1884.
“Mrs. E. Williamson has deposited in this bank nineteen hundred dollars, payable to the order of herself 12 months after date, on return of this certificate, with 6 per cent, interest from date.
“ No. 7533. F. P. Taylor, Cashier.”
That the bank thereby promised to pay to plaintiff, or her order, the sum of $1,900,00, one year after the date thereof, with six per cent, interest from date. The bank and its assets were afterwards placed in the hands, and under the control of Wm. B. Todd, as receiver thereof. The plaintiff presented to the said Wm. B. Todd, as such receiver, the said certificate of deposit, and demanded an allowance of the same as a valid claim against the said bank. But the receiver refused and still refuses to allow the same, and rejected it, and notified the plaintiff that she must bring suit. The 'plaintiff prays judgment with interest.
*119 To this petition the defendant, the bank, filed a general demurrer, which was overruled and an exception taken.
The defendant then filed an answer in substance as follows: admitting its corporate existence and its insolvency; the receivership of Todd; that the certificate of deposit was issued by one Taylor who was at the time the cashier; but denies the same was issued by the bank or its authority; denies it was issued in consideration of a deposit of money, but admits the certificate was presented to Todd for allowance and his rejection thereof; denies that plaintiff had money on deposit with said bank at any time, or in the sum of $1,900, and denies every other allegation of the petition. Defendant further says, that the said pretended certificate of deposit was made payable at twelve months after the date thereof, and to the order of plaintiff, and the same was issued in violation of an act of congress, which prohibited the issuing, by all banks organized under said act, of ‘ post-notes,’ or any other notes intended to circulate as money; said pretended certificate of deposit would circulate and was intended to circulate as money, and the same was and is void; all of which was well-known to said plaintiff when she received the same; that at'the time the plaintiff received from the said cashier said pretended certificate of deposit, she left in currency with said cashier on deposit the sum of $220, and no more, and that this defendant is willing to allow said sum, and offers to confess judgment thereon in favor of the plaintiff for said amount, with interest from September 18th, 1884; that said pretended certificate of deposit was issued without any other consideration than said deposit of said currency; that it was issued without the authority of the directors or officers of said bank, and in violation of law, as the plaintiff then well knew.
A motion was then made to strike from the answer these words: “ That the said pretended certificate of deposit was made payable in twelve months after the date thereof, and to the order of the plaintiff, and the same was issued in violation of an act of congress which prohibited the issuing by all banks organized under said act of ‘ post notes,’ or any other notes intended to circulate as money; said pretended certificate of deposit would circulate and was intended to circulate as money, *120 and the same was and is void; all of which was well-known to said plaintiff when she received the same.”
Said motion to strike from the answer was sustained by the court, and to which the bank excepted.
The plaintiff then filed a reply, denying each and every allegation of fraud and want of consideration.
Upon the issues thus joined a jury was waived, and the cause was submitted to the court upon the pleadings and evidence, and at the request of the bank, Judge John A. Price, judge of said court, made his separate finding of facts, which are as follows :
1. On the 5th day of April, 1883, Samuel Taylor and Wm. R. Fisher were, and prior to that time had been, engaged in business as private bankers, under the firm name and style of “ The Logan County Bank of Taylor & Fisher.” Frank P. Taylor was cashier, and Paul S. Davis, teller of said private bank, and on the date aforesaid said bank issued to the plaintiff a certificate of deposit, of which the following is a cop/:

CERTIFICATE OF DEPOSIT.

“§1,600.00. Losan County Bank, West Liberty, O.
April 5th, 1883.
Mrs. Elizabeth. Williamson has deposited in this bank sixteen hundred dollars, payable to the order of herself on return of this certificate, properly endorsed, 12 months after date, with 5 per cent per annum only for the time stated. No interest after maturity.
No. 7431. B. Davis, Teller, Cashier.”
2. On or about the 7th of June, 1883, the said Logan County Bank ceased to do a general banking .business, and went into liquidation, the co-partnership continuing to exist, for the purpose of winding up its affairs, until about the 22nd of September, 1884, when it made a general assignment for the benefit of creditors. But after said partnership ceased to do a general banking business, it did continue to renew its certificates' of deposit, and to re-discount its bills receivable.
3. In the month of June, 1883, the said Samuel Taylor, Wm. R. Fisher, and others became incorporated and organized as a National Banking Association under the laws of the United States, by the name of the Logan National Bank, of West Liberty,' Ohio, with a capital stock of fifty thousand dollars. Said Samuel Taylor became the owner of $13,000 *121 of said National Bank stock; and said Wm. R. Fisher became the owner of either $13,000 or $12,500 of said stock. Of said bank, said Samuel Taylor became a director and president, said Wm; R. Fisher a director and vice-president, said Frank P. Taylor^ cashier, and said' Paul S. Davis, teller. Said bank, with a directory of nine members,' then commenced business; acquired and took possession of the banking room, furniture, fixture, safes, and vaults of said Logan tíounty Bank, and continued in business therein until September 22, 1884, when it suspended and went into the hands of a receiver.
4. Said Samuel Taylor and Wm. R. Fisher acquired and paid for their stock in the Logan National Bank with funds acquired on their credit, and by converting a portion of the assets of the Logan County Bank. But none of the funds to pay for their said stock was raised on the credit of The Logan National Bank; nor did they raise any such money with the privity of the National Bank.
5. After the organization of said National Bank, said Taylor & Fisher sold and transferred, thereto the bills receivable of said Logan County Bank to the amount of about $28,000.' The National Bank, shortly after its organization, agreed to take these bills receivable, amounting to about $28,000, of what was denominated “first class paper; ” but as to whether the transfer of the whole sum was all one transaction, I am not clear and do not find that the transfer was made within a short time after the National Bank commenced business.
6. After the organization of said National Bank, said Taylor & Fisher deposited therein to their account moneys coming into their hands as collections from the remaining assets of said Logan County Bank, as well as other moneys; and their books and papers still remained in said banking house.
7. The plaintiff, an aged lady, residing some four or five miles from West Liberty, about the 5th day of April, 1884, entrusted to her son, Wm. Williamson, the $1,600 certificate of deposit hereinbefore copied, together with $220 in.money, for the purpose of having said certificate redeemed, and the proceeds thereof, together with said $220 of other money, deposited in the National Bank. On said 5th day of April, 1884, her said son delivered said certificate and said sum *122 of $220 to said F. P. Taylor, cashier of said National Bank, at the counter thereof, during morning business hours, making known to him the plaintiff’s wish. Said cashier stated he could not then attend to the matter, but would do so during the day. Mr. Williamson called in the evening about the close of banking hours, when said cashier, handed him a paper which he did not then read, but which he placed in his pocket book supposing it to be a certificate of deposit on said National Bank. Of said paper the following is a copy :

CERTIFICA TE OF DEPOSIT.

§1,900.00. Logan County Bank of Taylor & Fisher,
West Liberty, O. April 5th, 1884.
Mrs. E. Williamson has deposited in this bank nineteen hundred dollars, payable to the order of herself on return of this certificate properly endorsed 12 months after date, with 6 per cent, per annum only for the time stated. No interest after maturity.0
Renewal of 7431. F. P. Taylor, Cashier.
On the following morning when the paper was delivered to plaintiff, she objected to accepting it. On the same, or the following day, the plaintiff, by her said son, returned the paper to said F. P. Taylor at the counter of said National Bank, during business hours, the said Samuel Taylor, as well as the said F. P. Taylor then being present behind the counter of said bank. Mr. Williamson then informed said F. P. Taylor, in the presence of said Samuel Taylor, that plaintiff declined to accept said certificate of deposit, as she did not want a certificate on a bank that had gone out of existence; and that she either wanted the money or a certificate of deposit from said National Bank. Said Samuel Taylor then gave a verbal order or request to said F. P. Taylor to issue to the plaintiff a certificate of deposit on said National Bank for the amount. The said F. P. Taylor then erased from said paper the word “county,” and interlined the word “National,” and also erased the words “ of Taylor and Fisher,” and offered the same to plaintiff’s son, who declined to accept it. Thereupon the said F. P. Taylor, cashier, at the counter of said bank, during business hours, in the presence of said Samuel Taylor, and at his request, issued to plaintiff the certificate of deposit sued upon in this action.
*123 8. Said original certificate of 1883, and said renewal certificate which pluintiff’s son had refused to accept, were then filed with the cancelled and redeemed certificates and bills of the said Logan County Bank, in a pocket-book or case belonging to the Logan County Bank, kept in the vault of the Logan National Bank. They were not marked “cancelled,” nor were they, or either of th'em, indorsed. The said F. P. Taylor failed to charge either the amount of said National Bank certificate, or of said original certificate of 1883,‘to the account of Taylor and Fisher on the books of said National Bank ; but neither the plaintiff, nor her agent, had any notice of his failure to make such charge. None of the nine directors of said National Bank, except Samuel Taylor, had any knowledge or notice of said transaction until after its suspension.
9. Plaintiff made no deposit of actual money in said National Bank, except said sum of $220.00; and at the-time of issuing the certificate sued upon, Taylor & Fisher had no funds in said bank to cover, or against which to charge the same. Some daj^s thereafter, and at various times thereafter, said Taylor and Fischer did have a credit balance in their favor in said bank sufficient in amount to meet the said certificate. At the time said certificate was issued, Taylor & Fischer were in fact insolvent, but such fact was not generally known, and their credit was still fairly good. They had for many years been reputed to be wealthy, owned several hundred acres of valuable land, and neither the plaintiff nor her agent had any knowledge or notice that they were financially embarrassed. Said National Bank has received nothing on account of said original certificate of 1883, or on account of said renewal certificate.
10. The 12th by-law of said National Bank, adopted by its board of directors, and in force during its existence, reads as follows:
“ The President and Cashier shall have power to transact the regular banking business of the bank; but no loan shall be made on real or personal security without consent of at least three directors, and no note shall be discounted unless two or more reponsible names be signed thereto, or sufficient collateral securities be given.”
*124 A motion was made to set aside this finding of facts, and grant a ne'w trial for the reason, “ that the findings were against the evidence and the law.” This motion was overruled, and a judgment rendered upon the findings of fact for the plaintiff and against the bank, to which the bank excepted.
A petition in error is filed in this court to reverse the finding and judgment of the court below. The errors assigned are as follows: ,,
1st. The court erred in overruling the demurrer to the petition.
2nd. The court erred in sustaining the motion to strike from the answer.
3rd. The court erred in admitting certain testimony.
4th. The court erred in overruling the motion for a new trial.
The first question presented is, Did the court err in overruling the demurrer to the petition ? This is a general demurrer, that the petition does not state facts sufficient to constitute a cause of action, and is based upon the allegation contained, in the petition, that the certificate issued is not payable upon demand, but is a 11 time certificate,” or ih other words, a u post-note,” which is prohibited by the National Bank Act, sec. 5183, of the Revised Statutes of the United States. True, it is a post note, but is it such a post-note as is prohibited by this section ? Sec. 5183 reads as follows : “ No National Bank Association shall issue (post-notes or) any other notes to circulate as money than such as are authorized by the provisions of this title.”
It will be observed that this section does not prohibit the issuing of post-notes except to circulate as money. The certificate in suit is for a deposit of money ; it represents the indebtedness of the bank to the depositor for an actual loan; it is not to circulate as money, nor is it so intended. The bank has received the money from the depositor, and this time certificate represents that loan. It is not the bank’s paper upon the market, issued by the bank with the intention to circulate from hand to hand, for the purpose of the transaction of business.
*125 Under sections 5172 and 5182, the notes of the bank that are authorized to be issued and to circulate as money, are notes payable on demand, commonly known as National Bank Notes. Hence, we hold, that the post-notes mentioned in sec. 5183, are post-notes to circulate as money, and not time certificates of deposit representing an actual loan. The demurrer was, therefore properly overruled, on this ground as well as another, viz.: The petition alleges, “ the consideration of the certificate was for a deposit of money actually made; ” so that the bank, even if prohibited by the section read, by the demurrer admits it received the money as a loan; that it appropriated it, and after doing this, it will not be permitted to say, true, plaintiff’s money is in our vaults, but the law says we could not receive it. Upon the plainest principles of equity it 'would be estopped from such a plea.
The next question is, did the court err in sustaining the motion to strike from the answer ? We think not, for the reason we have expressed upon the demurrer.
The court, as heretofore stated, made a finding of facts, and upon that finding passed judgment. One of the errors assigned is, that this finding of facts is against the evidence. To review this alleged error, a bill of exceptions was allowed in this case, which is the sole and exclusive purpose of said bill of.exceptions.
Complaint is made in argument, that the court failed to find certain facts justified by the evidence. This is not before us. There was no request or motion' made to the court below to find additional facts. The court was requested to find the facts, and did so find (probably not all the facts that were supported by the evidence); and to the refusal to set aside the finding of facts as made, the bank excepted, for the reason that the facts thus found by the court were not sustained. The record does not disclose any motion or request to find additional facjfcs, or any exceptions thereto.
Are the facts found by the court sustained by the evidence ? The first complaint is, that the court found “ The plaintiff an aged lady.” There is no evidence to support this disclosed in the record; but it is not prejudicial. For what purpose her son took the certificate with $220.00 in money is immaterial. *126 The purpose is nothing, the facts, all. The facts as found by the court, viz.: “ The son placed the new certificate in his pocket-book supposing it to be a certificate of deposit on said National Bankand the further fact that the son returned the paper to said F. P. Taylor, .“ at the counter of said National Bank, during business hours, the said Samuel-Taylor then being present behind- the counter of said bank,” are in our opinion, immaterial, and, being immaterial,' of course it necessarily follows that it makes no difference whether they are supported by the evidence or not.
In the 9th finding of fact the court says: “ The plaintiff made no deposit of actual money in said National Bank except said sum of $220.00.”
This, in our judgment, is very material, and the turning' point in this close case, and this finding is clearly unsupported by the testimony produced upon the trial. But although clearly against the testimony, it is just as clearly and in emphatic terms admitted in the answer to be true. Being thus admitted, it is taken as true. It required no evidence to support it. It is an admitted fact in the case, and the court was justified from this admission in the answer to find it as a fact.
The foregoing are all the facts complained of as against the evidence. From this it will be seen, that the facts as found by the court below are sustained by the evidence and the pleadings in the case.
One other question that is presented as to the facts of the case, I will notice. It is urged that the court should have found “the plaintiff was notan innocent holder of the said certificate, and was chargeable with knowledge of its illegality or improper issue.” Although this is not before us, as I have stated, yet if it were, these words would amount to a conclusion of law, and not of fact.
When the facts are found, do these facts in law constitute the plaintiff an innocent holder? The court did find the facts (not conclusions), and from these facts (which the bank points out in its brief were facts found by the court) the plaintiff in error insists as a conclusion of law, that she, the defendant in error, is not an innocent holder, while the court, *127 as a conclusion of law, and not of fact, found she was an innocent holder.
But one question remains: Was the judgment of the court below right upon the facts as found? The facts affecting the judgment were in substance these: A firm composed of Samuel Taylor, and William R. Fisher were partners doing a banking business under the name of The Logan County Bank. The defendant loaned this firm sixteen hundred dollars, and took from them a time certificate of deposit drawing interest. A National Bank was afterwards organized; among its stock-, holders were the members of this firm. Samuel Taylor of the firm was president of the bank, and his son, Frank P. Taylor, cashier. The National Bank bought the fixtures of the firm and the personal property with which the firm had been doing a banking business. The National Bank also purchased of the firm some of the notes the firm held against other parties. The son of the defendant in error, at her request, took the certificate of deposit issued by Taylor & Fisher, with $220 in money, and delivered the certificate, and the $220 in money, to Frank P. Taylor, cashier of the National Bank. For these, Taylor, (who had also been cashier of Taylor & Fisher) delivered to the son a certificate of deposit on Taylor & Fisher. The son, when he presented it to his mother, she declined to receive, it and he returned it to Taylor, cashier, demanding the money or a certificate of deposit on the National Bank. The president of the bank, Mr. Samuel Taylor, ordered a certificate of the National Bank to be given her. Thereupon Taylor, cashier, issped the certificate in suit.
It is claimed by the plaintiff in error, that as Taylor, cashier of the National Bank, was also cashier of Taylor & Fisher, that when the Taylor & Fisher certificate of deposit for $1,600 and the $220 in money were delivered to Taylor, it was delivered to him as cashier of Taylor & Fisher, and not as cashier of the bank. But they overlooked the all important admission in the answer, that the $220 in money was delivered and deposited in the National Bank by delivery to Taylor, and the uncontradicted testimony, and which the. court below found as a fact, that the certificate of deposit of Taylor & Fisher for $1,600 was delivered to the same *128 Taylor, and at the same time that the $220 in money was delivered. This being so, it follows from this admission, that the Taylor & Fisher certificate of deposit for $1,600, and the $220 in money was deposited with the National Bank. The Taylor & Fisher certificate of deposit 'was the note of Taylor, president of the bank. He authorized its being taken by the National Bank as so much money. It was so taken; and for the money of the bank so taken, the National Bank held the check or order of its president, represented by his note together with his verbal order to pay it. The bank gave its president credit for the money represented in the bank’s certificate of deposit to the extent of the Taylor & Fisher certificate of deposit. And after so giving the credit, it is now estopped from denying it, or claiming the want of power, to the injury of the defendant in error. Strange indeed that the Board of Directors of this National' Bank knew nothing of this transaction. They admit it got $220 in money; its certificate was out for $1,900. If no account was kept of the certificate, an inquiry as to how this $220 got into the vaults would develope the transaction. Its cash everyday was in excess of what t'he books showed in the sum of $220.
For another reason the judgment must be affirmed. The fact being admitted that the National Bank received the $220 in money, and the additional fact that the same person re! ceived the Taylor &" Fisher certificate, and for the $220 in money and the Ta}dor & Fisher certificate executed and delivered the National Bank certificate, upon what principle can the National Bank ask that its certificate be declared void, and at the same time retain $220 ih money and the $1600 certificate. If this bank claims the want of power, and for that reason seeks to avoid its paper, equity requires a return of what it received.
Again, concede that the bank received but the $220. For this it cannot be claimed but what the bank had the power to issue a certificate of deposit. And further concede that the bank had.no power, and that it was a fraud upon its rights, to issue a certificate for the Taylor & Fisher certificate; yet it must be borne in mind that it is all one transaction, an entirety ; and the bank cannot approve a part, and refuse to ap *129 prove the balance; it can not put the $220 in money in its vaults, and repudiate the- Taylor & Fisher certificate. The defendant in error was not asking for a certificate for $220; it was for both ;*and when the bank admits it took the $220, in law it took both.
Kennedy & Steen -and Carper & Vam Deman, for plaintiff in error.
West, Brown & West, for defendant in error.
It is urged that the Taylor & Fisher certificate was not endorsed, and hence the bank did not get the legal title. It at least got the equitable title, and the legal title being in the defendant in error, she would be estopped from asserting it against the bank. Hence in effect the bank held both the legal and equitable title.
This is not cured by an offer to confess judgment for the $220 in money. The defendant in error is at least entitled to the money she gave them, if the bank would rescind its contract — not a dividend out of its assets.
For these reasons the judgment below will be affirmed, with costs, and without penalty.
All the judges concurred.